Gerard F. Dunne (GD3323)
Law Offices of Gerard F. Dunne, P.C.
41 Union Square West, Suite 1125
New York, NY 10003
212-645-2410
Jerry.dunne@dunnelaw.net
*Attorney for Plaintiff Universal Attractions, Inc.*

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
UNIVERSAL ATTRACTIONS, INC.         :
    a corporation of New York            :
                                         :
                             Plaintiff,      :   Civil Action No.:
                                         :
                                  v.              :
                                         :
LIVE NATION ENTERTAINMENT, INC.    :
    a corporation of California          :
               and                          :
                                         :
TICKETMASTER L.L.C.                  :
    A limited liability company of Virginia :
                                         :
                             Defendants.    :
---------------------------------------------------------X

**COMPLAINT**

    Plaintiff for its Complaint against the Defendants, respectfully alleges as follows:

**THE PARTIES**

    1.  Plaintiff Universal Attractions, Inc. is a corporation organized and existing under the laws of New York, having a principle place of business at 15 West 36th Street, 8th Floor, New York, New York 10018.

    2.  Defendant Live Nation Entertainment, Inc. is a corporation of the State of California having a principle place of business at 9348 Civic Center Drive, Beverly Hills, California 90201; and isdoing business from an office within this Judicial District.

    3.  Defendant Ticketmaster L.L.C. is a limited liability company of the

Commonwealth of Virginia having a principle place of business at 7060 Hollywood Blvd Fl 4, Los Angeles, CA9348; is believed a division of Defendant Live Nation Entertainment, Inc. and is doing business from an office within this Judicial District.

## JURISDICTION AND VENUE

4. The first claim herein arises under the false advertising laws of the United States as set forth in the Trademark Act of 1946, particularly 15 U.S.C. §1125(a)(1)(B).  Accordingly, subject matter jurisdiction is conferred on this court by virtue of 15 U.S.C. §1121 as well as 28 U.S.C. §§1331 and 1338(b).

5. The second and third claims herein arise under the false advertising and unfair competition laws of the State of New York and, and the common law of the State of New York and are joined with a substantial and related claim under the trademark laws of the United States and, therefore, jurisdiction is conferred by 28 U.S.C. §§1338(b) and 1367.  Further the parties are corporations of differing states with their respective principal offices in New York and California, and the amount in controversy is more than $75,000.  Accordingly, subject matter jurisdiction is conferred on this court for the second through fourth claims by virtue of 28 U.S.C. §1332.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## NATURE OF THE CASE

7. Plaintiff Universal Attractions, Inc. is a talent booking agency and an entertainment company that produces, packages and markets upscale entertainment shows and live concerts for famous and well known musical performers and groups.  One of the live concert shows that have been produced and promoted by Plaintiff Universal Attractions, Inc. is a show referred to for purposes of this action as *IL90s*: *The Party Continues* which currently features iconic performers from the 1990s.

8. The *IL90s: The Party Continues* concerts produced by Plaintiff Universal

Attractions, Inc. are presented to promoters throughout the United States that arrange for Defendant Ticketmaster L.L.C. (hereinafter "Ticketmaster"), believed a division of the Defendant Live Nation Entertainment, Inc. and fully controlled thereby, to offer the tickets for the concerts being promoted in a particular area. The prices charged by the promoters range from the low $20s to hundreds of dollars depending on seating and perks offered; and Ticketmaster had been provided with the appropriate price ranges for the tickets offered for the various concerts.

9. Ticketmaster, however, with full knowledge and approval of Defendant Live Nation Entertainment, Inc., has falsely promoted through the internet the price ranges for tickets for the *IL90s:The Party Continues* at extraordinarily high and false prices; and such false pricing information has seriously reduced the ticket sales for the *IL90s: The Party Continues* concerts to the great detriment and harm to Plaintiff and the promoters who have purchased the *IL90s*: *The Party Continues* concert.

10. Ticketmaster and Defendant Live Nation Entertainment, Inc. had been informed by Plaintiff and many of its promoters for the *IL90s :The Party Continues* concerts that the ticket prices it was offering to the public were outrageously high and false, and Ticketmaster and Defendant Live Nation Entertainment, Inc. have been negligent in refusing to correct or rectified its false claims concerning the pricing of the for the *IL90s: The Party Continues* concerts.

11. The negligence and refusal by Live Nation Entertainment, Inc. and Ticketmaster to correct or rectify the false claims concerning the ticket prices being offered for the for the *IL90s: The Party Continues* concerts were knowing and wonton and malicious.

## COUNT I: FALSE ADVERTISING IN
## VIOLATION OF THE FEDERAL LANHAM ACT

12. As a first and complete ground of relief, Plaintiff Universal Attractions, Inc. hereby repeats the allegations of paragraphs 1 through 11 as though fully set forth herein.

13. The knowing false statements made by Live Nation Entertainment, Inc. and Ticketmaster overstating the pricing for the tickets for the *IL90s: The Party Continues* concerts have falsely represented the pricing for the concerts; and such false information presented to consumers has drastically reduced the sales of tickets to the concerts, to the great injury of the Plaintiff Universal Attractions, Inc. and its promoters. Such false statements have been made over the internet and in interstate commerce.

## COUNT II: UNFAIR COMPETITION

14. As a second and complete ground of relief Plaintiff Universal Attractions, Inc. hereby repeats the allegations of paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff Universal Attractions, Inc. has expended effort and money to develop high-quality concerts featuring headline performers for the *IL90s: The Party Continues* concerts and has developed in both the trade and relevant purchasing public a reputation for high-quality concerts at a fair price, and establishing in connection therewith, goodwill and a reputation for quality.

16. As a result of the deceptive and false advertising of ticket prices by Defendants, the goodwill and reputation of Plaintiff Universal Attractions, Inc. and the value of the *IL90s: The Party Continues* concerts have been diminished, and the proprietary rights of Plaintiff Universal Attractions, Inc. have been interfered with by Defendants.

17. The sale and offering for sale of false and unreasonably high ticket prices for the *IL90s: The Party Continues* have and will continue to lead to the erroneous belief that

such concerts have been ridiculously priced to the determent of Plaintiff Universal Attractions, Inc., its promoters and the high profile performers scheduled to appear in the concerts.

18. The unfair competition of Defendants has caused substantial and irreparable damage and injury to Plaintiff its promoters and the high profile performers scheduled to appear in the concerts, and in particular to their valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to such parties.

19. The acts as set forth above were done by Defendants with knowledge of the harm to be inflicted upon Plaintiff, and its promoters and the high profile performers, and such acts continued without any effort to rectify the damage inflicted, and were done knowingly and maliciously, subjecting Defendants to punitive damages.

20. The aforementioned activities of Defendants violate §§349 and 350 of the New York General Business Law; as well as the common law of the State of New York.

## COUNT VII: PRIMA FACIE TORT

21. As a third and complete ground of relief Plaintiff Universal Attractions, Inc. hereby repeats the allegations of paragraphs 1 through 20 as though fully set forth herein.

22. The acts as set forth above were done by Defendants with knowledge of the harm to be inflicted upon Plaintiff, and its promoters and the high profile performers, and such acts continued without any effort to rectify the damage inflicted.  Such willful acts were done knowingly and maliciously and constitute *prima facie* tort of injurious falsehood under New York law, subjecting Defendants to punitive damages.


WHEREFORE, Plaintiff Universal Attractions, Inc. prays for the following relief:

      A.      That Defendant Live Nation Entertainment, Inc. and Ticketmaster L.L.C. and their agents, servants, employees, attorneys and those persons in active concert or participation therewith be temporarily, preliminarily and permanently enjoined and restrained

      (i)   from directly or indirectly making or causing to be made any false or incorrect charges for tickets for concerts produced by Plaintiff Universal Attractions, Inc.;

      (ii)  that the Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. rectify the harm they have caused by identifying all those who received incorrect ticket pricing and be promptly informed of the correct pricing for the *IL90s: The Party Continues* concerts.

      B.      That an accounting and judgment be rendered against the Defendants Live Nation Entertainment, Inc. f and Ticketmaster L.L.C. , jointly and severally, for all damages sustained by Plaintiff as a result of the violations of law set forth above to compensate Plaintiff and its promoters and the high profile performers for the economic injury sustained thereby as a direct and proximate result of the actions made by or on behalf of the Defendant Live Nation Entertainment, Inc. and Ticketmaster L.L.C.;

      C.      Awarding Plaintiff its reasonable attorney fees as authorized by 15 U.S.C. § 1117;

      D.      Awarding Plaintiff its damages and attorney fees for violation of the New York laws pertaining to consumer protection and unfair competition as noted in the General Business Law §§ 349 and 350, and 360-m;

      E.      Awarding Plaintiff the monetary award to compensate for its loss of good will and reputation as a result of the activities of the Defendant Live Nation Entertainment, Inc. and Ticketmaster L.L.C. set forth in the State law claims;

      F.      Awarding Plaintiff punitive damages for claims two and three;

      M.     Awarding Plaintiff its full costs and litigation expenses; and,

      N.      Further relief as the Court deems just and proper.

Dated:     New York, New York     Respectfully submitted,
             May 19, 2017

                                                   /s/ Gerard F. Dunne
                                                   Gerard F. Dunne (GD3323)
                                                   Law Offices of Gerard F. Dunne, P.C.
                                                   41 Union Square West
                                                 Suite 1125
                                                 New York, NY   10003
                                                 212-645-2410
                                                 Jerry.dunne@dunnelaw.net
                                                 *Attorney for Plaintiff Universal Attractions, Inc.*